**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

KATHERINE FURMAN and
ADAM FURMAN,
Plaintiffs,

v.

MCDONALD'S CORPORATION, THE MARKETING STORE WORLDWIDE LLC, ARC INTERNATIONAL NORTH AMERICA, and LIBBEY GLASS, INC.,
Defendants.

CIVIL NO. 14-8102(NLH)(AMD)

**ORDER TO SHOW CAUSE**

On December 30, 2014, plaintiffs filed their complaint in this Court; and

The Court having reviewed plaintiffs' complaint[1]; and

Plaintiffs having averred that this Court's jurisdiction over their case is pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000; but

[1]Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)).

The Court finding that plaintiffs' complaint does not comply with § 1332 because the citizenship of defendants is not properly pleaded:

(1) the complaint states that defendant, The Marketing Store Worldwide, LLC, is a limited liability Illinois company, with a principal place of business in Illinois, but in a case in which a party to the action is a limited liability company, the citizenship of an LLC is determined from the citizenship of each of its members, Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); and

(2) the complaint's jurisdictional averments lack the requisite specificity and certainty required under 28 U.S.C. § 1332 because plaintiffs state that they "believe" defendants to be certain entities, but such statements "do[] not convince the Court that there is diversity among the parties," Vail v. Doe, 39 F. Supp. 2d 477, 477 (D.N.J. 1999) (explaining that jurisdictional statutes are to be strictly construed and that the averment of "upon information and belief" is insufficient);

Accordingly,

Because the complaint has failed to properly aver this Court's jurisdiction over the action,

**IT IS HEREBY** on this 8th day of January, 2015

**ORDERED** that plaintiffs shall have 10 days to amend their complaint to properly plead the citizenship of the parties. If plaintiffs fail to do so, the case will be dismissed for lack of subject matter jurisdiction.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.